UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS DAZA-ROJAS,

        Petitioner,                  Case No. 2:26-cv-10739

    v.                          Hon. Brandy R. McMillion
                                      United States District Judge

KEVIN RAYCRAFT, *et al.*,

        Respondents.

_____/

**OPINION AND ORDER GRANTING**
**WRIT OF HABEAS CORPUS (ECF NO. 1)**

Petitioner Carlos Daza-Rojas ("Petitioner" or "Daza-Rojas") has filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, alleging he is being unlawfully detained at the Monroe County Jail in violation of the Immigration and Nationality Act ("INA"). *See generally* ECF No. 1. Daza-Rojas, a Venezuelan citizen, entered the United States in September 2021. *Id.* at PageID.6. In 2023, Respondents dismissed Petitioner's immigration removal proceedings, *id.* at PageID.7, and in 2024, he obtained Temporary Protected Status ("TPS") from the U.S. Citizenship and Immigration Services ("USCIS"), *see* ECF No. 7, PageID.88; *see also* ECF No. 1-6, PageID.2.

1

On February 11, 2026, Customs and Border Protection ("CBP") arrested Daza-Rojas. ECF No. 1, PageID.7. He is still in Respondents' custody and they have not provided him with a bond hearing. *Id.* For the reasons below, this Court finds that Daza-Rojas's detention without a bond hearing is unlawful, a violation of his due process rights, and orders his immediate release, or in the alternative, a bond hearing within seven (7) days. Accordingly, his Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**.

## I.

Daza-Rojas is a Venezuelan citizen who entered the United States on September 22, 2021 while fleeing political persecution in Venezuela. ECF No. 1, PageID.6. The same day, he was paroled into the country and provided with a Notice to Appear. *Id.* Shortly thereafter, in November 2021, he began checking in with the U.S. Immigration and Customs Enforcement ("ICE")—as was required of him; and in September 2022, he submitted an asylum application which is still pending. *Id.* at PageID.6-7. In 2023, Respondents dismissed Daza-Rojas's removal proceedings. *Id.* at PageID.7; *see also* ECF No. 1-6, PageID.2.

In 2024, Petitioner successfully applied for TPS, which expired in April 2025. ECF No. 7, PageID.88. He attempted to re-register for TPS in September 2025 but did not receive an approval notice from USCIS. *Id.* The parties dispute whether Petitioner's TPS status was automatically extended in light of ongoing litigation in

2

*Nat'l TPS All. v. Noem*, No. 25-cv-01766-EMC, 2025 WL 3539156 at \*3 (N.D. Cal. Dec. 10, 2025), but the Court need not resolve that issue to decide this Petition.

On February 11, 2026, while traveling as an Uber passenger with his wife, CBP arrested Daza-Rojas.  ECF No. 1, PageID.7.  Respondents are still detaining him, and he has not received a bond hearing.[1]  *Id.*

The Petition has been adequately briefed; therefore, a hearing is unnecessary. *See* ECF Nos. 2, 5, 7-8; *see* E.D. Mich. L.R. 7.1(f)(2).  As the Petition is now ripe for decision, the Court will rule on the record before it.

## II.

Habeas relief is available when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "All agree that absent suspension, the writ of habeas corpus remains available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  Habeas relief is equally available to non-citizens being held in immigration-related matters.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also AARP v Trump*, 145 S.Ct. 1364, 1367 (2025).

---

[1] The Court notes Respondents' position that Petitioner has not requested a bond hearing and therefore cannot seek habeas relief based on a denial of bond without first doing so.  ECF No. 7, PageID.98-102.  Petitioner's position is that such request would be futile considering Respondents' existing mandatory detention policy.  ECF No. 1, PageID.7; ECF No. 8, PageID.116-117.  Based on the relief granted herein, the Court need not resolve this issue as it is going to require a bond hearing as an alternative to release.

## III.

### A.   PROPER RESPONDENTS

Petitioner files this action against Kevin Raycraft ("Raycraft"), Director of the Detroit Field Office of ICE's Enforcement and Removal Operations division; Julie Massengill ("Massengill"), as jail administrator of the Monroe County Jail; Kristi Noem, (now former) Secretary of the U.S. Department of Homeland Security; Pamela Bondi, (now former) U.S. Attorney General; and the Executive Office for Immigration Review.  ECF No. 1, PageID.1.  In response, the Government contends that Petitioner's claims should be maintained against only the warden of the Monroe County Jail, or alternatively, Raycraft.  ECF No. 7, PageID.103-104.  Petitioner opposes, arguing "keeping the U.S. Secretary of Homeland Security as a party in the case is warranted to ensure that Respondents maintain authority to enforce this Court's grant of habeas relief."  ECF No. 8, PageID.117.

In *Roman v. Ashcroft*, 340 F.3d 314, 322, 326 (6th Cir. 2003), the Sixth Circuit held that while "the immediate custodian rule generally applies to alien habeas corpus petitioners" "an exception might be appropriate if the INS were to exercise its transfer power in a clear effort to evade an alien's habeas petitions."  *Id*. at 322, 326.  The Court finds that here, the exception is applicable given Petitioner's well-founded concern about "ICE's practice of moving detainees between districts."  ECF No. 8, PageID.117.  Accordingly, keeping all the existing respondents as parties in

4

the case is warranted to ensure that they maintain authority to enforce this Court's grant of habeas relief and order that Petitioner receive a bond hearing or, alternatively, be released even if Petitioner is transferred out of the district under Massengill or Raycraft's control.

## B.    PAROLE

The Government does not dispute that Petitioner was previously in the country on conditional parole.  ECF No. 7, PageID.87.  Nonetheless, it seems to conflate *conditional* parole with an *unconstrainted* basis for its revocation.  Specifically, Respondents take the position that Petitioner is properly detained because (1) his original grant of parole was in connection with his 2021 removal proceedings; (2) those proceedings have since been "terminated[;]" therefore, (3) "his parole pursuant to those proceedings also ended."  *Id.* at PageID.97.  The Court is unpersuaded by this apparent oversimplification of a far more complex issue.  This is especially so given Respondents' own conflicting position that "[i]n 2023, an immigration judge in Florida **administratively closed** petitioner's removal proceedings **because DHS failed to prosecute** his case due to complications caused by the COVID-19 pandemic."  *Id.* at PageID.88 (emphasis added).  At best, Respondents' stance is convoluted.  Therefore, taking Petitioner's facts as true, the Court finds that the Government cannot revoke his parole absent a change of circumstances, which it has not articulated.  *Id.* at PageID.96-98.  In which case, Petitioner's parole remains

in effect, and Respondents have not provided the Court with a lawful basis for Petitioner's ongoing detention.

## C.   STATUTORY INTERPRETATION

To the extent Respondents alternatively argue Petitioner was never properly paroled into the country, the Court then turns to the central question in this case: which detention framework—§1226 or § 1225(b)(2)—properly applies to Daza-Rojas?  According to Petitioner, it is § 1226, so the Government is violating the INA by instead applying § 1225(b)(2).  This Court has previously ruled that §1226(a) applies and finds the facts of this case warrant the same result.  *See Lopez Campos*, 2025 WL 2496379.

Section 1225(b)(2)(A), deals with "inspection and removal of arriving aliens," directing that immigration officials "shall" detain "an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted."  8 U.S.C. § 1225(b)(2)(A).  Section 1226, on the other hand, applies when dealing with "apprehension and detention of aliens," upon "a warrant issued by the Attorney General, an alien may be arrested or detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).

The Court has therefore rejected Respondents' overly broad reading of Section 1225(b)(2)(A) and finds it contrary to the plain language of the statutes, the overall

6

structure, the intent of Congress, and over 30 years of agency action. Section 1226(a) applies to a noncitizen like Daza-Rojas—not § 1225(b)(2)(A)—based on the Court's prior statutory analysis in: *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025); *Sandoval v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-12987, 2025 WL 2977517 (E.D. Mich. Oct. 17, 2025); *Contreras-Cervantes v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13073, 2025 WL 2952796 (E.D. Mich. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13056, 2025 WL 2978529 (E.D. Mich. Oct. 17, 2025); *Casio-Mejia v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13032, 2025 WL 2976737 (E.D. Mich. Oct. 21, 2025); *Santos Franco v. Raycraft*, --- F. Supp. 3d ---, No. 2:25-CV-13188, 2025 WL 2977118 (E.D. Mich. Oct. 21, 2025); *Velasco-Sanchez v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13730, 2025 WL 3553672 (E.D. Mich. Dec. 11, 2025).[2]

## D.   DUE PROCESS

Daza-Rojas also argues that his continued detention is a violation of due process. Respondents refute his argument on the grounds that "Petitioner was given notice of the charges against him, he has access to counsel, he has the right to request bond and appeal any bond decision by the immigration court, and he has been

---

[2] To the extent that Respondents attempt to apply § 1225(b)(2)(A) to Daza-Rojas based on his pending asylum application, first, the Court deems the argument waived because it was not raised in their brief. *See generally* ECF No. 7. Second, the Court has already rejected Respondent's interpretation that § 1225(b)(2)(A) requires detention of any noncitizen, like Daza-Rojas, who is "present" in the country but has not been lawfully admitted. *Lopez-Campos*, 797 F. Supp. 3d at 781. Accordingly, § 1226 applies.

detained by ICE for less than six months." ECF No. 7, PageID.103. The Court again agrees with Petitioner. Daza-Rojas's detention under the mandatory detention framework violates his due process rights for the reasons previously stated in this Court's Due Process analysis in: *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025); *Sandoval v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-12987, 2025 WL 2977517 (E.D. Mich. Oct. 17, 2025); *Contreras-Cervantes v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13073, 2025 WL 2952796 (E.D. Mich. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13056, 2025 WL 2978529 (E.D. Mich. Oct. 17, 2025); *Casio-Mejia v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13032, 2025 WL 2976737 (E.D. Mich. Oct. 21, 2025); *Santos Franco v. Raycraft*, --- F. Supp. 3d ---, No. 2:25-CV-13188, 2025 WL 2977118 (E.D. Mich. Oct. 21, 2025); *Velasco-Sanchez v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13730, 2025 WL 3553672 (E.D. Mich. Dec. 11, 2025).

**E.   REMAINING CLAIMS AND REQUESTED FORMS OF RELIEF**

Given that the Court has granted the § 2241 Petition as set forth above, the Court need not address Petitioner's remaining claims and forms of relief.

**IV.**

Accordingly, Daza-Rojas's Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**. Respondents are **HEREBY ORDERED** to immediately release Daza-

Rojas, or in the alternative, provide him with a bond hearing within seven (7) days of the date of this Order.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from pursuing detention on the basis of 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that Respondents shall file a Status Report with this Court on or before May 4, 2026, to certify compliance with this Order. The Status Report shall include if and when the bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

**IT IS SO ORDERED.**

Dated: April 27, 2026
      Detroit, Michigan

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge